IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and<br>MARYAM BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING,<br><br>Defendant. | Civil Action No.: 2:15-cv-00216-WCO-JCF<br><br>(Removed from the Superior Court<br>of Forsyth County, Georgia Civil<br>Action No. 15CV-2019-2) |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC, improperly named in the Complaint as "Ocwen Loan Servicing," ("Ocwen" or "Defendant") hereby gives notice pursuant to 28 U.S.C. §§ 1331 and 1446, of the removal of this action to the United States District Court for the Northern District of Georgia, Gainesville Division. As grounds for this removal, Defendant states as follows:

### I. Procedural Background

1.  Plaintiffs Cobrey and Maryam Bennett filed a *pro se* action in this Court related to their residential mortgage loan, styled as *Cobrey Bennett and Maryam Bennett v. Ocwen Loan Servicing, LLC*; Case No. 2:13-cv-243-WCO-JCF ("first action"). The first action was dismissed with prejudice when the Court granted

Defendant Ocwen's Motion for Summary Judgment on April 22, 2015. (*See* Case No. 2:13-cv-243, Docs. 118, 119). Plaintiffs appealed this Court's judgment to the Eleventh Circuit as Appeal No. 15-12164-F, and the Appeal was dismissed on August 10, 2015, for failure to pay the filing and docketing fees. (*See id.*, Doc. 136).

2. Plaintiffs filed a second action against Ocwen on or about May 7, 2014, in the Superior Court of Forsyth County, Georgia, Civil Action No. 14CV-0891-2. The matter was removed to federal court and remains pending before the Court as Civil Action No. 2:15-cv-170-WCO-JCF ("second action").

3. Plaintiff filed a Motion to Remand the second action and on October 5, 2015, Magistrate Judge Fuller issued a Report and Recommendation to deny Plaintiffs' Motion to Remand and to require Plaintiffs file an amended complaint in the second action. (*See* Case No. 2:15-cv-170-WCO-JCF, Doc. 44).

4. On October 7, 2015, Plaintiffs file a *third* action in the Superior Court of Forsyth County, Georgia, under Civil Action No. 15CV-2019-2, styled as "Declaratory Judgment for Prescriptive Title OCGA § 44-5-161 & OCGA § 44-5-144 & Emergency Injunctive Relief " ("third action"), which is the subject of the instant removal.

5. In the third action, Plaintiffs assert specific claims arising under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA) stemming from Plaintiffs'

interpretation of the recent decision addressing the right of rescission under TILA rendered by the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).  Plaintiffs further allege their claims arise under 18 U.S.C. § 1517.  (Compl., Exh. A).

6. The Superior Court of Forsyth County is a state court within this district and division.

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ******
>
> [A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

8. Plaintiffs have not served Defendant with a summons and a copy of Plaintiffs' Complaint.[1]  As the Complaint was filed on October 7, 2015, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the date Plaintiffs' Complaint was filed – even though no service was perfected.

9. All pleadings served upon Defendant's counsel are attached hereto as Exhibit A – comprised only of Plaintiffs' Complaint and the exhibits thereto.

10. As shown herein, this case is properly removable based on federal question jurisdiction.

## II.    Federal Question

11. Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The determination of whether federal question jurisdiction exists is generally provided by the "well-pleaded complaint" rule which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case arises under federal law if federal law creates the cause of action, or if a

---

[1] Plaintiffs mailed a copy of their court filing, via regular mail, to Defendant's counsel in the previous matters, but have not accomplished valid service of process.

substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco De Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998).

12. Here, Plaintiffs' Complaint asserts a claim for a rescission of their mortgage loan arising under federal law, namely the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Plaintiffs make an explicit claim for "TILA Violation" describing the relief they seek pursuant to the remedies purportedly available under TILA and cite directly to the United States Code. (*See* Exhibit A, Complaint). Plaintiffs are unquestionably seeking to avail themselves of a federal right under TILA and, thus, have brought a civil action "arising under" the laws of the United States.

13. Plaintiffs' TILA claim "really and substantially involve[s] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982)); see *also, Bota v. Clark Atlanta Univ., Inc.*, 2006 WL 2711836, at *2 (N.D. Ga. Sept. 19, 2006) (finding that federal question jurisdiction was proper where "the construction or effect of a federal law is an 'essential element' of the claim" where plaintiff cited to codes of federal regulation); *Harrell v. Farm Credit Northwest Fla., ACA*, 2006 WL 3507949, at *3 (M.D. Fla. Dec. 5, 2006) (federal jurisdiction proper as claims under

a U.S. code required the court to determine the effect or construction of a federal law).

14. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' other claims for "Prescriptive Title" because those claims arise out of, and form part of, the same case or controversy as Plaintiffs' federal claims. Therefore, this entire case is removable in its entirety pursuant to 28 U.S.C. § 1441(a).

### III. All other Requirements for Removal are Satisfied

15. The underlying state action involves a civil action within the meaning of the Acts of Congress relating to the removal of causes.

16. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division includes the Superior Court of Forsyth County, Georgia, the forum in which the civil action is pending.

17. Although Defendant has had a previous actions against Plaintiffs in this Court, it has not previously removed these claims or this third action.

18. Removal of the action arising under federal question jurisdiction will not result in any prejudice to Plaintiffs as they are undoubtedly seeking to avail themselves of a federal right under a federal statute as their grounds for relief.

19. Defendant herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

20. A copy of this Notice is being filed with the Clerk of the Superior Court of Forsyth County, Georgia, as provided under 28 U.S.C. § 1446. (Exhibit B attached hereto). Defendant is also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal.

**WHEREFORE,** for the above and foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Forsyth County, Georgia to the United States District Court for the Northern District of Georgia, Gainesville Division, and award Defendant its reasonable attorneys' fees, together with the costs of the action.

Respectfully submitted this 28th day of October, 2015.

                                    Bradley Arant Boult Cummings, LLP

                                    /s/Keith S. Anderson
                                    Keith S. Anderson (GA Bar No. 136246)
                                    One Federal Place
                                    1819 Fifth Avenue North
                                    Birmingham, Alabama 35203
                                    Telephone: (205) 521-8000
                                    Facsimile: (205) 521-8800
                                    Email: kanderson@babc.com

>A. Michelle Canter (GA Bar No. 108097)
>4720 Peachtree Industrial Blvd, #106
>Norcross, GA 30071
>Telephone: (678) 496-2580
>Facsimile: (205) 521-8800
>Email: mcanter@babc.com
>Attorneys for Defendant Ocwen Loan Servicing, LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

>/s/Keith S. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the following:

>Cobrey and Maryam Bennett
>965 Summerfield Drive
>Cumming, GA 30040

>/s/Keith S. Anderson